Chief Justice Robertson
delivered the opinion of the court.
Matthew Nelson conveyed a tract ofland.to John Thomas, in trust for Frances Lovell, and with power to' sell on certain conditions, and covenanted in the deed, to refund to Frances Lovell or to her trustee, as she should direct, the consideration money for any portion of the land which should be lost.
Frances Lovell and her husband brought an action of covenant against Nelson, assigning for breach, a loss of a part of the land; and the circuit ceurt being of opinion, that the action was not maintainable in the name of Lovell and wife, sustained a -demurrer to the declaration. This writ of error is prosecuted to reverse that judgment.
The contract.must be construed as a covenant to the trustee. In such a case, the cestui que trust, or *248 beneficial party cannot maintain an action on the covenant. I Chi tty on Pleading, 4 5; Jenkins and wife vs. Morton, III Mon. 29. No person not a party to a deed, inter paries, can maintain any action at law upon it. Chitty, 5.
No ¡jefson, not a party to a (lead infer parts s, can maintain an action at Jaw linón it.
Hoggin, for appellants; Monroe,Mills & Brotan, for appellees.
As Nelson -covenanted with Thomas, that he would refund to Mrs. Lovell, she cannot maintain the action in her name, because, even if the money might have properly been paid to her, there was no covenant to her, but only a covenant with Thomas for her benefit»
Judgment affirmed.